# SUPREME COURT.

## John Mott and others agt. David G. Davis.

The defendant *confessed judgment* to the plaintiffs, upon a statement, which was in substance as follows: That he was indebted to the plaintiffs in the sum of $3,300, and authorized judgment to be entered against him for that amount.

That the indebtedness arose on a balance of an account for merchandise purchased by the defendant of the plaintiffs, on various bills, commencing February 27, 1855, the last bill being dated November 28, 1856, amounting, in the total, to $8,360.56; which total sum had been reduced by payments made by the defendant, commencing June 12, 1855; the last payment being December 16, 1856, the sum total of which payments amount to $5,015.28, leaving a balance, without making any calculation of interest on the items of account purchased on time of six and eight months, of $3,345.28; that there was at least due to the plaintiffs and to become due when the time should have expired on the last purchases, the sum of $3,300.

*Held,* that this statement was sufficient to answer the requirements of the statute. (*The decisions in Gandal* agt. *Finn*, 13 *How.* 418; *and Stebbins* agt. *The East Society of the M. E. Church, Rochester*, 12 *Id.* 410; *reviewed, and their strict views on this question disapproved.*)

*Albany Special Term, June,* 1857.

Motion to set aside judgment by confession. On the 5th day of March, 1857, the defendant executed and verified a statement, in which he confessed that he was indebted to the plaintiffs in the sum of $3,300 dollars, and authorizing judgment to be entered against him for that amount.

It was further stated that the indebtedness arose on a balance of an account for merchandise purchased by the defendant of the plaintiffs, on various bills, commencing February 27, 1855, the last bill being dated November 28, 1856, amounting, in the total, to $8,360.56; which total sum had been reduced by payments made by the defendant, commencing June 12, 1855, the last payment being December 16, 1856, the sum total of which payments amount to $5,015.28; leaving a balance, without making any calculation of interest on the items of amount purchased on time of six and eight

months, of $3,345.28 ; that there was, at least, due to the plaintiffs, and to become due when the time should have expired on the last purchases, the sum of $3,300 ; and that a copy of the total amount of each of said several bills, and also the amount of the several payments made by the defendant thereon, was thereto annexed, with the dates of such bills and payments.

The schedule annexed contained the dates and aggregate amounts of *fifteen* different purchases and fourteen different payments, the total amounts of which correspond with the sums mentioned in the statement. Upon this confession judgment was entered on the day of its date, for $3,300, together with $6.31 for costs.

On the 3d day of June, 1857, William N. Strong and others recovered against the defendant a judgment in the supreme court for $1,806.85, which judgment was docketed in the county of Schenectady, where the defendant resides, and on the same day an execution was issued to the sheriff of that county. The plaintiffs in the latter judgment moved to set aside the judgment by confession.

S. O. SHEPARD, *for motion.*
PLATT POTTER, *opposed.*

HARRIS, Justice. I think the statement upon which the judgment in question was entered contains enough to answer the requirements of the statute. The origin of the indebtedness, or, in the language of the Code, the facts out of which it arose, are stated to be the purchase of various bills of merchandise by the defendant of the plaintiffs. The aggregate amount of these purchases is given. The dates of the several purchases are not specified, but two periods are mentioned, within which all the purchases were made; so, in respect to the payments, the aggregate amount is stated, and the dates within which all the payments were made are specified. It is then stated that the balance due and to become due to the plaintiffs, when the credit upon which the last purchases were

Mott and others agt. Davis.

made should expire, was at least $3,300. Such a statement of facts is, I think, a substantial compliance with the provision of the Code, which requires that the statement shall show the facts out of which the indebtedness arose, and that the sum confessed is justly due or to become due. But if this were left doubtful by the statement itself, the schedule annexed to the statement, and which constitutes a part of it, makes it entirely clear. From that we learn not only the aggregate amount of purchases and payments, but the several dates of all the purchases and all the payments, and several amounts of such purchases and payments. It cannot be necessary, in any case, to go further, and state in detail the articles or kinds of merchandise embraced in the bills of purchase. (*See Delaware* agt. *Ensign*, 21 *Barb.* 85; *Schoolcraft* agt. *Thompson*, 9 *How.* 61; *Purdy* agt. *Upton*, 10 *Id.* 494; *Hoppock* agt. *Donaldson*, 12 *Id.* 141; *Post* agt. *Coleman*, 9 *Id.* 64.)

There are two or three reported cases which seem to favor the objections taken to the sufficiency of this statement. Of these, the case most relied upon by counsel is *Gandal* agt. *Finn*, (13 *How.* 418.) In that case, it appeared from the statement upon which one of the judgments was entered, that the indebtedness arose on account, for goods, wares and merchandise, sold and delivered by the plaintiff to the defendant since the first day of January, 1855. I should have been inclined to regard this statement as a sufficient compliance with the requirements of the statute. It was shown how the indebtedness arose. It was upon the purchase of goods, wares and merchandise by the defendant of the plaintiffs. It also appeared that such purchases were made between the date mentioned and the time the judgment was confessed. I should have held such a statement to be sufficient. But the learned judge who decided that case thought otherwise. He was of opinion that when the consideration of the indebtedness is property sold, " the nature of the property should be set forth with other particulars of distinction than the general statement that it was real or personal property, and the time of the

transaction should be specifically stated." It is evident that the principle of this decision would be fatal to the judgment in question. According to the view here taken, it is not enough to state that the indebtedness arose upon the purchase of personal property, or even merchandise, by the defendant, but the kind of merchandise, as dry goods, or perhaps more particularly still, broad cloths, linen goods or silks, or hardware, or groceries, should distinctly appear. Such a construction, it seems to me, is not demanded, either by the language or the policy of the statute in question. All that is required is, that by some concise and general mode of expression, those who may have occasion to inquire may be able to know what was the origin of the indebtedness for which the judgment is confessed.

In *Stebbins* agt. *The East Society of the Methodist Episcopal Church, Rochester*, (12 *How.* 410), an interpretation similar to that which prevailed in *Gandal* agt. *Finn*, was adopted. I have already had occasion to notice this case, and to express my dissent from the conclusions which governed in its decision. (*See Bank of Kinderhook* agt. *Jenison, Ante*, 41.) If the statute authorizing the entry of a judgment by consent, and without action, is to receive an interpretation so strict and exacting as that adopted by the learned judges who decided these cases, it is easy to see that, instead of being a convenient and reliable mode of obtaining a judgment where there is no controversy, it would be the most uncertain and dangerous remedy to which the creditor could resort. He would be left, in every case, to depend upon the peculiar views which the judge who might be called upon to decide as to the sufficiency of the statement, might entertain in respect to the degree of particularity requisite in stating the origin of the indebtedness upon which the judgment was founded. In the case before me, I think the statement shows, with reasonable certainty, that the defendant, at the time the judgment was confessed, was indebted to the plaintiffs to the full amount stated, and how that indebtedness arose. This is all that the statute requires. The motion must, therefore, be denied, with costs.